**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JASKARAN,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**ELIZABETH CONTRACT DETENTION FACILITY, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-9015 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Jaskaran,[1] formerly detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner mailed his Petition on July 18, 2026. (ECF No. 1 at 10). It was not received and docketed by this Court until July 21, 2026.

3. On July 22, 2026, Respondents filed a letter informing this Court that Petitioner had been removed from the United States on July 20, 2026. (ECF No. 4).[2]

4. Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal

[1] Petitioner's first name is unknown.

[2] Petitioner had a final order of removal as of April 2, 2026. *See Jaskaran v. Warden, Elizabeth Detention Center,* No. 26-cv-7426, 2026 WL 2018586, at *1 (D.N.J. July 13, 2026).

stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)).

5. Petitioner's removal makes his challenge to his pre-removal detention moot. *See Lindaastuty v. Att'y Gen. of U.S.*, 186 F. App'x 294, 298 (3d Cir. 2006) ("However, because Lindaastuty has already been deported and is, therefore, no longer in custody, the challenge to her detention is moot and the habeas petition must be dismissed.")

6. To the extent Petitioner challenged his removal due to his Special Immigrant Juvenile ("SIJ") status, he would not be entitled to relief because SIJ status does not categorically prohibit removal. *See Cortez-Amador v. Att'y Gen.*, 66 F.4th 429, 433 (3d Cir. 2023) ("[ ] Petitioner is removable despite his [SIJ]."); *see also Del Cid v. Bondi*, No. 3:25-cv-00304, 2025 WL 2985150, at *4 (W.D. Pa. Oct. 23, 2025) ("[T]he Government may ultimately remove an individual with SIJ Status from the country ... ."); *Benito Vasquez v. Moniz*, 788 F. Supp. 3d 177, 181 (D. Mass. 2025) ("The fact that petitioner has been given [SIJ] status has no effect on ICE's statutory and regulatory authority to detain him.")

7. Therefore, this Court will dismiss the Petition in part and deny the Petition in part.

8. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: August 5, 2026